## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **B & M AVOCADOS, LLC, a Texas limited liability company,**<br><br>    **Plaintiff,**<br><br>**vs.**<br><br>**PRODUCE & MORE ENTERPRISE LLC, a Texas limited liability company; KATHIA GUILLEN, an individual; MIGUEL PEDRAZA VILLARREAL, an individual; and ANTANA CAPITAL SAPI DE CV, a/k/a ANTANA CAPITAL SAPI DE CV CORPORATION, a corporate entity organized under the laws of Mexico,**<br><br>    **Defendants.** | Case No. |

## CIVIL ACTION COMPLAINT

Plaintiff, B & M Avocados, LLC commences this lawsuit to enforce its rights under the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. §§499a-t, federal common law, and state law against Defendants.

## PARTIES

1. Plaintiff is B & M Avocados, LLC, a Texas limited liability company with its principal business location in Mission, Texas ("B & M").

2.     Defendants are:

(a)     Produce & More Enterprise, LLC, a Texas limited liability company with its principal business location in Tomball, Texas ("Produce & More").

(b)     Kathia Guillen, an individual who, upon information and belief, resides in this District ("Guillen").

(c)     Miguel Pedraza Villarreal, an individual, who, resides in this District ("Villarreal").

(d)     Antana Capital SAPI De CV, a corporate entity organized under the laws of Mexico, also doing business as Antana Capital SAPI DE CV Corporation ("Antana Capital"). Antana Capital is registered with the Texas Secretary of State as a foreign for-profit corporation, with its location in San Pedro Garza García, Mexico.

## JURISDICTION

3.     Under 28 U.S.C. §1331, this Court has jurisdiction to hear this action, because B & M's claims arise under PACA, 7 U.S.C. §499e(b)(2) and 7 U.S.C. §499e(c)(5).

4.     Under 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over B & M's other claims.

## VENUE

5.     Under 28 U.S.C. §1391(b), venue in this District is proper, because a substantial part of the events and omissions underlying this lawsuit occurred in this

district; Produce & More had its principal business location in this district during the transactions at issue; and, the property that is the subject of this action is located here.

## GENERAL ALLEGATIONS

6. B & M is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities—colloquially referred to in the industry as "produce"—in interstate commerce.

7. Produce & More is also engaged in the business of buying and selling wholesale quantities of produce in interstate commerce.

8. Between May 5, 2022, and July 2, 2022, B & M and Produce & More entered into eleven (11) contracts for B & M to supply and sell Produce & More, in interstate commerce, avocados totaling $221,066.00 (collectively, the "Avocados").

9. B & M supplied the Avocados to Produce & More.

10. Produce & More received and accepted the Avocados from B & M.

11. B & M issued and sent invoices to Produce & More reflecting the agreed upon quantities and prices for the Avocados and amounts owed by Produce & More.

12. B & M's invoices to Produce & More included additional terms and conditions for payment of attorneys' fees, costs, and pre-judgment interest.

13. Produce & More failed to pay B & M for the Avocados.

## CLAIMS FOR RELIEF

## COUNT I: PRODUCE & MORE

## BREACH OF CONTRACT

14. B & M re-alleges ¶¶1 through 13.

15. As detailed in ¶6, B & M and Produce & More entered into contracts for B & M to supply and sell Avocados to Produce & More in interstate commerce.

16. B & M supplied the Avocados to Produce & More.

17. Produce & More received and accepted the Avocados from B & M.

18. B & M issued invoices to Produce & More for the Avocados.

19. B & M fully performed all conditions precedent to the agreed contracts.

20. Produce & More failed to pay B & M for the Avocados.

21. Because Produce & More breached the parties' contracts, B & M incurred damages no less than $221,066.00, plus interest from the date each invoice become past due, costs, and attorneys' fees.

For these reasons, B & M seek a Judgment in its favor and against Produce & More in the amount equal to $221,066.00, plus interest from the date each invoice become past due, costs, and attorneys' fees, together with other relief this Court deems appropriate.

## COUNT II: ALL DEFENDANTS

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
*7 U. S.C. §499e(c)*

22. B & M re-alleges ¶¶1 through 13.

23. As detailed in ¶6, B & M and Produce & More entered into contracts for B & M to supply and sell Avocados to Produce & More in interstate commerce.

24.     During the transactions at issue, B & M was a commission merchant, dealer, or broker subject to PACA, and held valid PACA license number 20171054 issued by the United States Department of Agriculture ("USDA").

25.     During the transactions at issue, Produce & More was a commission merchant, dealer, or broker subject to PACA, and held valid PACA license number 20190871 issued by the USDA.

26.     When Produce & More received the Avocados, it became a trustee of the trust established under PACA, 7 U.S.C. §499e(c) (the "PACA Trust"), for B & M's benefit.

27.     B & M preserved its rights as a PACA rust beneficiary of Produce & More by including the required statutory statement on the face of each invoice, and timely sending the invoices to Produce & More.

28.     Produce & More failed to pay B & M for the Avocados.

29.     B & M is an unpaid produce supplier and seller and is entitled to PACA trust protection and payment from Produce & More's assets subject to the PACA Trust.

For these reasons, B & M seeks an Order declaring that it holds a valid PACA Trust claim in an amount equal to $221,066.00 against Produce & More and that its valid PACA Trust claim includes interest from the date each invoice become past due, costs, and attorneys' fees, together with other relief this Court deems appropriate.

**COUNT III: PRODUCE & MORE**

**ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS**
*7 U.S.C. §499e(c)*

30.     B & M re-alleges ¶¶1 through 13 and ¶¶23 through 29.

31.     Assets subject to the PACA Trust include Produce & More's inventories of produce, food or products derived from produce ("products"), accounts receivable, proceeds of the sale of produce or products ("proceeds"), and assets commingled with, purchased with, or otherwise acquired with proceeds (collectively, "PACA Trust Assets").

32.     Produce & More possesses and has custody and control of PACA Trust Assets that belong to B & M.

33.     Produce & More must hold the PACA Trust Assets for B & M's benefit.

34.     Produce & More failed to use the PACA Trust Assets to pay B & M for the Avocados, as described in ¶6.

35.     Because Produce & More failed to maintain sufficient PACA Trust Assets to satisfy B & M's PACA Trust claim, B & M has suffered damages in an amount equal to $221,066.00, plus interest from the date each invoice become past due, costs, and attorneys' fees.

For these reasons, B & M seeks an Order directing Produce & More to immediately pay to B & M, as its PACA trust beneficiary, PACA Trust Assets equal to an amount equal to $221,066.00, plus interest from the date each invoice became

past due, costs, and attorneys' fees, together with other relief this Court deems appropriate.

## COUNT IV: PRODUCE & MORE

### FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND
### *7 U.S.C. §499b(4)*

36.     B & M re-alleges ¶¶1 through 13, ¶¶23 through 29, and ¶¶31 through 35.

37.     Produce & More received the Avocados described in ¶6.

38.     Produce & More, as a PACA trustee, must hold the PACA Trust Assets in trust for the benefit of B & M, and other unpaid produce sellers and suppliers that hold valid PACA Trust claims, until all have received full payment.

39.     Produce & More failed to maintain sufficient PACA Trust Assets to fully satisfy all valid PACA Trust claims, including B & M's PACA Trust claim in this case.

40.     Because Produce & More failed to maintain and protect the PACA Trust Asset from dissipation, B & M has suffered damages in an amount equal to $221,066.00, plus interest from the date each invoice become past due, costs, and attorneys' fees.

For these reasons, B & M seeks an Order:

(i)     Creating a common fund from which all PACA Trust beneficiaries may receive payment;

(ii)    Directing Produce & More to maintain PACA Trust Assets in an amount equal to $221,066.00, plus the claims of all other unpaid produce sellers and suppliers that properly preserved their PACA Trust claims;

(iii)    Directing Produce & More to replenish the PACA Trust to a level sufficient to satisfy all qualified PACA Trust claims;

(iv)    Enjoining Produce & More from dissipating PACA Trust Assets; and

(v)    Providing any other relief this Court deems appropriate.

## COUNT V: PRODUCE & MORE

### <u>FAILURE TO PROMPTLY PAY</u>
*7 U.S.C. §499b(4)*

41.    B & M re-alleges ¶¶1 through 13.

42.    During the transactions at issue, Produce & More was a commission merchant, dealer, or broker subject to PACA, and held valid PACA license number 20190871 issued by the USDA.

43.    As a PACA licensee, Produce & More must tender full payment promptly to its unpaid produce suppliers and sellers.

44.    Produce & More failed to pay B & M for the Avocados within the applicable payment term.

45.    Because Produce & More failed to pay promptly for the Avocados, B & M has suffered damages in an amount equal to $221,066.00, plus interest from the date each invoice become past due, costs, and attorneys' fees.

For these reasons, B & M seeks an Order directing Produce & More to immediately pay B & M an amount equal to $221,066.00, plus interest from the date

each invoice become past due, costs, and attorneys' fees, together with other relief this Court deems appropriate.

## COUNT VI: GUILLEN

## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

46. B & M re-alleges ¶¶1 through 13, ¶¶23 through 29, ¶¶31 through 35, and ¶¶37 through 40.

47. During the transactions at issue, Guillen was a Manager of Produce & More.

48. During the transactions at issue, Produce & More listed Guillen as a principal on the company's PACA license.

49. In her capacity, Guillen controlled, or was in a position to control, Produce & More's PACA Trust Assets.

50. Guillen had full knowledge and responsibility for Produce & More's operations and financial dealings.

51. Produce & More had a fiduciary duty as a PACA trustee to maintain sufficient PACA Trust Assets to pay all of its PACA Trust beneficiaries as their claims became due.

52. Guillen had a duty to ensure that Produce & More fulfilled its duties as trustee of the PACA Trust.

53. Produce & More breached its fiduciary duty to B & M by failing to maintain sufficient PACA Trust Assets to pay B & M's PACA Trust claim.

54.     Guillen breached her fiduciary duties by failing to ensure that Produce &
More fulfill its duties as PACA trustee.

55.     Because Guillen breached her fiduciary duty, B & M has suffered
damages in an amount equal to $221,066.00, plus interest from the date each invoice
become past due, costs, and attorneys' fees.

For these reasons, B & M seeks a judgment in its favor and against Guillen in
an amount equal to $221,066.00, plus interest from the date each invoice become past
due, costs, and attorneys' fees, together with other relief this Court deems appropriate,
less any PACA Trust Assets B & M receives from Produce & More.

**COUNT VII: VILLARREAL**

**BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES**

56.     B & M re-alleges ¶¶1 through 13, ¶¶23 through 29, ¶¶31 through 35, and
¶¶37 through 40.

57.     During the transactions at issue, Villarreal was a Member of Produce &
More.

58.     In his capacity, Villarrea controlled, or was in a position to control,
Produce & More's PACA Trust Assets.

59.     Villarrea had full knowledge and responsibility for Produce & More's
operations and financial dealings.

60.     Produce & More had a fiduciary duty as a PACA trustee to maintain sufficient PACA Trust Assets to pay all of its PACA Trust beneficiaries as their claims became due.

61.     Villarrea had a duty to ensure that Produce & More fulfilled its duties as trustee of the PACA Trust.

62.     Produce & More breached its fiduciary duty to B & M by failing to maintain sufficient PACA Trust Assets to pay B & M's PACA Trust claim.

63.     Villarrea breached his fiduciary duties by failing to ensure that Produce & More fulfill its duties as PACA trustee.

64.     Because Villarrea breached his fiduciary duty, B & M has suffered damages in an amount equal to $221,066.00, plus interest from the date each invoice become past due, costs, and attorneys' fees.

For these reasons, B & M seeks a judgment in its favor and against Villarreal in an amount equal to $221,066.00, plus interest from the date each invoice become past due, costs, and attorneys' fees, together with other relief this Court deems appropriate, less any PACA Trust Assets B & M receives from Produce & More.

## COUNT VIII: ANTANA CAPITAL

## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

65.     B & M re-alleges ¶¶1 through 13, ¶¶23 through 29, ¶¶31 through 35, and ¶¶37 through 40.

66.     During the transactions at issue, Antana Capital was a Manager of Produce & More.

67.     During the transactions at issue, Antana Capital owned 100% of Produce & More.

68.     During the transactions at issue, Produce & More listed Guillen as a principal on the company's PACA license.

69.     Villareal is a Manager of Antana Capital

70.     In its capacity, Antana Capital controlled, or was in a position to control Produce & More's PACA Trust Assets.

71.     Antana Capital had full knowledge and responsibility for Produce & More's operations and financial dealings.

72.     Produce & More had a fiduciary duty as PACA trustee to maintain sufficient PACA Trust Assets to pay all PACA Trust beneficiaries as their claims became due.

73.     Antana Capital had a duty to ensure that Produce & More fulfilled its duties as trustee of the PACA Trust.

74.     Produce & More breached its fiduciary duty to B & M by failing to maintain sufficient PACA Trust Assets to pay B & M's PACA Trust claim.

75.     Antana Capital breached its fiduciary duties by failing to ensure that Produce & More fulfill its duties as PACA trustee.

76.     Because Antana Capital breached its fiduciary duty, B & M has suffered damages in an amount equal to $221,066.00, plus interest from the date each invoice become past due, costs, and attorneys' fees.

For these reasons, B & M seeks a judgment in its favor and against Antana Capital in an amount equal to $221,066.00, plus interest from the date each invoice become past due, costs, and attorneys' fees, together with other relief this Court deems appropriate, less any PACA Trust Assets B & M receives from Produce & More.

Respectfully submitted on July 18, 2022.

**MEUERS LAW FIRM, P.L.**

By: /s/ Steven M. De Falco
      Steven M. De Falco
      Southern District Tx Federal Id No. 884872
      5395 Park Central Court
      Naples, FL 34109
      Telephone: (239) 513-9191
      Facsimile: (239) 513-9677
      sdefalco@meuerslawfirm.com

      *Attorneys for Plaintiff, B & M Avocados, LLC*